UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HERBERT SITTINGCROW,<br><br>Defendant. | 4:21-CR-40172-KES<br><br>**ORDER GRANTING MOTION TO REDUCE SENTENCE** |

Defendant, Herbert Sittingcrow, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 57. Plaintiff, the United States of America, agrees that Sittingcrow's motion should be granted. Docket 58 at 4. For the following reasons, Sittingcrow's motion for a sentence reduction is granted.

## DISCUSSION

The process for considering a § 3582(c) motion is well established. As the Supreme Court has made clear, § 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence

modification and the extent of the reduction authorized." *Id.* at 827. Step two

"instructs a court to consider any applicable § 3553(a) factors and determine

whether, in its discretion, the reduction authorized by reference to the policies

relevant at step one is warranted in whole or in part under the particular

circumstances of the case." *Id.*

As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1)

requires the court to begin by 'determin[ing] the amended guideline range that

would have been applicable to the defendant' had the relevant amendment

been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G.

§ 1B1.10(b)(1)). If the amendment would not have altered the defendant's

sentencing range even if it had been applicable at the time of the defendant's

sentencing, then the defendant is not eligible for a sentencing reduction. *See*

U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of

imprisonment is not consistent with this policy statement and therefore is not

authorized under 18 U.S.C. § 3582(c)(2)(B) if . . . [the retroactive amendment]

does not have the effect of lowering the defendant's applicable guideline

range.").

The Guidelines themselves define "applicable guideline range" as "the

guideline range that corresponds to the offense level and criminal history

category determined pursuant to § 1B1.1(a)(1)-(7), [1]which is determined before

consideration of Part K of Chapter Five and § 1B1.1(b)."[2]  U.S.S.G. § 1B1.10

---

[1] Section 1B1.1(a)(1)-(7) provides the relevant steps to determine a defendant's guideline range.
[2] Chapter 5, Part K provides the guidelines for determining an appropriate

n.l(A) (2025).

On July 3, 2023, the court sentenced Sittingcrow to 191 months in prison for transportation of child pornography in violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(b)(1). Docket 47. Sittingcrow obtained two "status points" for committing the instant offense while under a criminal justice sentence. Docket 44 ¶ 64. Sittingcrow's Guideline range, based on a total offense level of 32 and a Criminal History Category of VI, was 210 to 262 months in custody. *Id.* ¶ 103; USSG § 5G1.1(c)(2). The court varied downward two levels due to the applicability of § 2G2.2(b)(6), noting "nearly all child pornography cases involve the use of a computer." *See* Docket 44 ¶ 24; Docket 47-1 ¶ VI.C. . The court also varied downward 19 months to grant Sittingcrow credit for the time he served in state custody on a parole revocation for the same conduct as the instant offense, resulting in a sentence of 191 months. Docket 47 at 2; Docket 47-1 ¶ VIII.

On April 28, 2026, Sittingcrow filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions under 18 U.S.C. § 3582(c)(2). Docket 57 at 1. Sittingcrow believes he qualifies under Amendment 821, Part A, which modified U.S.S.G. 4A1.1(e) to eliminate the two criminal history "status points" previously applied for committing a federal offense while under a criminal justice sentence. *Id.* at 2. He requests a

---

sentencing reduction for a defendant who provides substantial assistance to the government. Section 1B1.1(b) provides the factors for determining a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing after determining a guideline range.

sentence term of 188 months' custody. *Id.* at 4. The United States responds that "[b]ased on the facts and circumstances of this case, the United States agrees Sittingcrow's sentence can be reduced to the bottom end of his new Guidelines range—to 188 months' custody. Docket 58 at 4.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies retroactively. See § 1B1.10(e)(2) (Nov. 1, 2023).

Sittingcrow meets the criteria under amended U.S.S.G. § 4A1.1(e) for a reduction. With that reduction, Sittingcrow receives one "status point," which gives him a total of 12 criminal history points, resulting in him being in Criminal History Category V, with an advisory guideline range of 188 to 235 months in custody. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

After considering all the § 33553(a) factors, and the parties' agreement that reducing the sentence to 188 months is an appropriate reduction in sentence, the court finds the appropriate sentence to be 188 months in custody and grants Sittingcrow's motion.

## CONCLUSION

It is ORDERED that Sittingcrow's motion (Docket 57) is GRANTED. Probation is directed to prepare an amended Judgment that reflects a sentence of 188 months in custody.

Dated July 31, 2026.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE